Not For Publication

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **WELLS FARGO BANK, N.A.,** | : | |
| | : | **Civil Action No. 18-3591 (ES) (JAD)** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **DENNIS SCAVONE,** | : | |
| | : | |
| **Defendant.** | : | |

**SALAS, DISTRICT JUDGE**

 *Factual & Procedural Background.* This matter comes before the Court upon Defendant Dennis Scavone's notice of removal of what appears to be a foreclosure action filed in New Jersey Superior Court, Middlesex County. (*See* D.E. No. 1 at 1).[1] To start, the Court notes that Defendant has failed to include copies of any pleadings as required by Local Civil Rule 5.1(2). So, the Court will review Defendant's assertions in his notice of removal and its accompanying exhibits. (D.E. Nos. 1 and 1-2). As part of his exhibits, Defendant attaches a December 5, 2017 "Notice and Demand to Vacate Premises Immediately" from the Middlesex County Sheriff, Mildred S. Scott, ordering Defendant to vacate immediately the premises located at 1800 Grand Avenue, South Plainfield, NJ (the "Sheriff's Notice"). (D.E. No. 1-2 at 1). The Sheriff's Notice further states that if Defendant fails to vacate the premises immediately, a Sheriff's Officer will evict Defendant on March 15, 2018, at 9:30 a.m. (*Id.*). Defendant's eviction was then rescheduled to the following day, March 16, 2018, at 9:30 a.m. (*Id.* at 3).

---

[1]  For ease of reference, the Court uses the ECF-generated page numbers appearing in the header of each document to refer to pages therein.

Defendant removed the state action to this Court on March 14, 2018. (D.E. No. 1). Defendant also filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.E. No. 1-3 at 1-2). The Court will grant Defendant's application to proceed *in forma pauperis*.

There are few details in Defendant's notice of removal. It appears that Plaintiff has instituted a foreclosure proceeding on Defendant's property in New Jersey Superior Court, and the court issued "Writ of Possession Docket No. F00434915" directing Defendant to vacate the premises. (D.E. No. 1 at 1, 2; D.E. No. 1-2 at 1). Defendant removed the action under 28 U.S.C. § 1441, asserting that the state court "[p]leadings intentionally fails [sic] to allege compliance with the Civil Rights Act of 1968." (D.E. No. 1 at 2). The notice of removal further states that (i) "[t]he defendant is disabled and further maintains that Plaintiff knew, based on Defendants [sic] age, the mortgage would not be able to be maintained for the full term of the loan"; and (ii) "Defendant is a member of a protected class of whom the statute, the 'Civil Rights Act of 1968' was created.'" (*Id.* at 2-3).

It is unclear from Defendant's submissions, however, the exact relief that Defendant seeks from this Court at this time. Defendant asserts only that (i) the "Federal Cause of Action in ejectment/eviction is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court"; and (ii) "[u]nder New Jersey Code of Civil Procedure the County Court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the County Court . . . ." (*Id.* at 3).

Given that Defendant's eviction is scheduled for tomorrow, March 16, 2018, at 9:30 a.m. (D.E. No. 1-2 at 3), the Court will construe Defendant's submissions as an application for a temporarily restraining order enjoining Plaintiff and the Middlesex County Sheriff from

proceeding with his eviction.  For the reasons that follow, Defendant's application for a temporarily restraining order—if he is requesting such relief—is denied.

*Application for a Temporary Restraining Order.*  The grant of injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances."  *Instant Air Freight* Co. *v. C.F. Air Freight, Inc.*, 882 F.2d 797 (3d Cir. 1989).  Even giving these *pro se* submissions the most liberal construction, the Court cannot find a basis for such relief here.

Where, as here, a party asks the Court to issue a temporary restraining order without notice to the nonmoving parties, the standard is even higher.[2]  The movant must demonstrate that irreparable and immediate harm will result if the Court does not issue the order before the nonmoving party can be heard.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.

Fed. R. Civ. P. 65(b)(1).

In addition to the basic requirement of exigency, courts consider four factors in deciding whether a temporary restraining order or other injunctive relief should issue: "(1) a substantial likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief."  *Ace Am. Ins. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 730-31 (3d Cir. 2009) (citing *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).  A party must produce sufficient evidence of all four factors—and a

---

[2]      There is no indication in the record that Plaintiff is aware of the notice of removal to this Court or of any request for injunctive relief.

district court should weigh all four—before granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994).

Defendant's submissions here do not provide a basis to conclude that these criteria are satisfied. For starters, because Defendant's submissions provide few details about his claim, it is impossible to evaluate his likelihood of success on the merits; to do so would be pure guesswork. And the law is clear: "a failure to show a likelihood of success or a failure to demonstrate irreparable injury, must necessarily result in the denial of a preliminary injunction." *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982); *see also Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir. 1990) ("To obtain a preliminary injunction, the moving party must demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted."). Moreover, with so little context for Defendant's allegations, it is impossible to tell what policy considerations might bear on whether a temporary restraining order should issue. In other words, the submissions give no indication that a temporary restraining order is in the public interest. Defendant therefore has failed to provide evidence of all four factors, and "[a] party's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Ace Am. Ins.*, 306 F. App'x at 730-31.

Accordingly, should Defendant be seeking a temporary restraining order enjoining Plaintiff and the Middlesex County Sheriff from proceeding with his eviction, Defendant's request is denied.

**Conclusion.** For the foregoing reasons, Defendant's application to proceed *in forma pauperis* is GRANTED, but Defendant's application for a temporary restraining order (assuming he is requesting such relief) is DENIED. Further, pursuant to "28 U.S.C. § 1915(e)(2), the Court must preliminarily screen *in forma pauperis* filings and must dismiss any filing that is frivolous or

malicious or fails to state a claim upon which relief can be granted," among other reasons. *Rutter v. Wright*, No. 15-4418, 2015 WL 3949092, at *1 (D.N.J. June 29, 2015); *see also Johnson v. Phila. Hous. Auth.*, 448 F. App'x 190, 192 (3d Cir. 2011). Accordingly, within 30 days, Defendant must submit copies of any pleadings in this action as required by Local Civil Rule 5.1(2) so that the Court may conduct a preliminary screen of Defendant's filings. Failure to do so will result in dismissal of this action. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J**
